Common Pleas Court of Hamilton County.

UNITED & GLOBE RUBBER MANUFACTURING COMPANY v. JAMES A. PRESCOTT, doing business as Municipal Equipment Co.

Decided, January 18, 1922.

*Service by Publication—May not be set Aside by the Plaintiff Procuring It.—When He Finds that Commencement of the Suit was Against His Interest.*

One who has procured service by publication and has thereafter successfully resisted a motion to set the service aside, but later discovers that a claim set up against him in an answer and cross-petition would have been barred by the statute of limitations had suit not been begun when it was, is estopped from reversing his position and then asserting that service by publication was not warranted under the statute in that case.

*Edward H. Brink, W. F. Fox,* for the demurrer.

*Tuttle & Ross,* contra.

Dixon, J.

Heard on demurrer of plaintiff to the cross-petition of the defendant.

On March 19, 1919, plaintiff brought this action against the defendant, a non-resident, to recover an alleged balance due from defendant on account of certain sums of money advanced by plaintiff to defendant. On the same day an affidavit for attachment and garnishment was filed by plaintiff and an order of attachment and garnishment issued. The garnishee named in said order answered that it had no property or money of defendant subject to garnishment, and likewise made a similar answer to a second order of attachment and garnishment subsequently served upon it in this case.

On May 1, 1919, plaintiff filed an affidavit for service by publication, claiming that this action was one of those mentioned in paragraph seven, of Section 11292, General Code. We find no

order authorizing service by publication among the papers of the case, but it appears that publication was duly made, the first publication appearing on May 3, 1919; proof of mailing a copy of the publication to the defendant was filed on May 8th, 1919, by the clerk of courts; and on June 16, 1919, an order was made by the court approving the service by publication theretofore made.

In the interim various motions were filed by the defendant directed to the two affidavits, and orders of attachment and garnishment, and also a motion to quash the service by publication was filed by defendant, and argued by counsel, and overruled by the court, the defendant taking an exception. Later on, after a default judgment had been rendered against the defendant and set aside by the court, the defendant on September 10, 1921, filed his answer and cross-petition setting up in the latter a counterclaim against the plaintiff in an amount which more than offsets plaintiff's claim against the defendant.

The demurrer of the defendant is directed to the items of expense and commission set forth in defendant's cross-petition, and the ground is that all of these items are barred by the six-year statute of limitations. If the date of the filing of defendant's answer is to be regarded as the date of the commencement of this action against the defendant, which is the plaintiff's contention, then the demurrer is well taken; but if this action is deeemd to have been commenced against the defendant on the date of the first publication made herein, as provided by Section 11230, General Code, then the defendant is in time, and the demurrer should be overruled. Plaintiff urges that the latter contention is untenable, for the reason that this is not a case in which service by publication is proper, and hence there never was any commencement of this action against defendant so as to halt the running of the statute of limitations against his counterclaim until he voluntarily entered his appearance herein.

Just why the plaintiff has thus changed front is not obvious. Service by publication was made upon defendant on the sworn

affidavit of plaintiff's counsel that this was a proper case for such service; and later when plaintiff opposed defendant's motion to quash the service by publication, plaintiff again maintained that such service was proper and the court upheld its contention. Hence, it will be observed that plaintiff has gone on record twice in this case as the champion and sponsor of the propriety of the kind of service had upon defendant and has also obtained in its favor, on this issue, the decision of another branch of this court.

For the reason, therefor, that in our opinion the plaintiff is estopped from now asserting that service by publication on the defendant was not warranted by Section 11292, General Code, and for the further reason that in so far as can be determined from the proceedings had in this case up to the present time, such service was proper, we hold that this action was commenced against the defendant at the date of the first publication, to-wit, May 3, 1919. From this it follows that on the said date the item appearing in defendant's cross-petition was not barred by the statute of limitations, and the demurrer of the plaintiff should be, and is, overruled.